UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    (For Online Publication Only)
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                        **MEMORANDUM & ORDER**
                                                        19-cr-385-JMA-ST-2

                    -against-                                    **FILED**
                                                                **CLERK**

JAMAL ZAFAR,                                        10:34 am, May 14, 2024

                                                        **U.S. DISTRICT COURT**
                                        Defendant.    **EASTERN DISTRICT OF NEW YORK**
                                                        **LONG ISLAND OFFICE**
------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

     Defendant Jamal Zafar moves, <u>pro se</u> under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10,

for a reduction in his sentence.  (ECF No. 155.)  The Government opposes the motion.  (ECF No.

155.)  Mr. Zafar did not reply.  For the below reasons, the motion is denied.

## I.    DISCUSSION

     Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the

defendant was originally sentenced to a term of imprisonment based on a sentencing range that

has subsequently been lowered by the Sentencing Commission when that modification is made

retroactive." <u>United States v. Torres</u>, 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024) (Chin, J.)

(citing <u>United States v. Martin</u>, 974 F.3d 124, 136, 139 (2d Cir. 2020)).  To do so, the court must

first "determine the amended guideline range that would have been applicable to the defendant if

[the amendment] had been in effect at the time the defendant was sentenced." <u>United States v.</u>

<u>Zapatero</u>, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.1Q(b)(1)).  If the defendant

is eligible for a sentence reduction, "'a court may reduce the term of imprisonment after

considering the factors set forth in section 3553(a) and if such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission,' which are contained in

U.S.S.G. § 1B1.10." <u>Torres</u>, 2024 WL 621554, at *1 (quoting <u>Martin</u>, 974 F.3d at 136).

Section 1B1.10(a)(2)(B) provides, however, that "[a] reduction in the defendant's term of imprisonment.... is not authorized under 18 U.S.C. § 3582(c)(2) if .... [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).  And § 1B1.10(b)(2)(A) provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2).... to a term that is less than the minimum of the amended guideline range." Id. § 1B1.10(b)(2)(A).  "Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2)." United States v. Ross, 2024 WL 149130, at *1 (S.D.N.Y. Jan. 12, 2024).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Part A of the Amendment addresses "status points," which refer to two additional points added to an offender's sentence if the offender committed the instant federal offense while still serving a sentence in another case.  United States v. Burton, 2023 WL 9424903, at *1 (S.D.N.Y. Jan. 26, 2023).  The Amendment decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or less criminal history points.  See U.S.S.G. § 4A1.1(e).  Part B of the Amendment provides a decrease of two offense levels for "Zero-Point Offenders" (offenders who have no criminal history points) and whose offense did not involve specific aggravating factors.  Id. § 4C1.1.

Mr. Zafar is ineligible for a sentence reduction.  At sentencing in this case, I accepted the Probation Department's determination that Mr. Zafar had a total number of four criminal history points.  (See ECF No. 62, at ¶ 62 ("PSR")).  Critically, the Probation Department's determination did not rely on the use of any status points.  (See id.)  So, Part A of the Amendment does not apply in this case.  Part B of the Amendment does not apply either.  Mr. Zafar had criminal history score

of four, so he does not qualify for zero-point offender status.  (See id.)  Mr. Zafar is therefore ineligible for a sentence reduction.  See U.S.S.G. § 1B1.10.  Moreover, because Mr. Zafar is ineligible for a sentence reduction, this Court need not analyze the factors set forth in 18 U.S.C. § 3553(a).  See United States v. Garcia, 2024 WL 532447, at *2 (S.D.N.Y. Feb. 9, 2024); see also Ross, 2024 WL 149130, at *2 (declining to analyze Section 3353(a) factors where criminal history calculation alone established that defendant was ineligible for a sentence reduction).  But even if the Court re-reviewed the record of this case and carefully "considered anew all of the § 3553(a) factors that it originally considered at sentencing," United States v. Vela, 2024 WL 1621109, at *1 (S.D.N.Y. Apr. 15, 2024), the 20-month sentence that the Court imposed on Mr. Zafar would "continue[] to be the least restrictive sentence necessary to satisfy the statutory purposes of sentencing."  Id.; see also 18 U.S.C. § 3553(a).

## II.    CONCLUSION

For the above reasons, Mr. Zafar's motion is DENIED.  The Clerk of Court is respectfully directed to close ECF No. 155.  The Clerk of Court is also respectfully directed to mail a copy of this Order to Mr. Zafar at his address of record.  The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:   May 14, 2024
         Central Islip, New York

                                    /s/ JMA
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE